HONORABLE JAMES. L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACEY LIU and KRISTIE RUDHAM, each individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC.<br><br>     *Defendant*. | Case No. 2:23-cv-01217-JLR<br><br>**Plaintiffs' Notice of Motion and Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification**<br><br>**Note on Motion Calendar: April 15, 2024** |

Renewed Motion for Preliminary Approval of
Class Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Plaintiffs Tracey Liu and Kristie Rudham hereby move this

3  Court for entry of an order:

4          1.      Granting preliminary approval of the proposed class action settlement set forth in the

5  Settlement Agreement ("Settlement Agreement"), attached as Exhibit 1;

6          2.      Preliminarily certifying, for settlement purposes only, a settlement class in this matter

7  that is comprised of:

8          •   All persons who, while in the state of California, purchased one or more products

9              advertised as being subject to a purported discount on Defendant's websites Blinds.com,

10             JustBlinds.com, and AmericanBlinds.com from January 26, 2020, to December 5, 2023

11             ("California Settlement Subclass"); and

12         •   All persons who, while in the State of Washington, purchased one or more products

13             advertised as being subject to a purported discount on Defendant's websites Blinds.com,

14             JustBlinds.com, and AmericanBlinds.com from August 9, 2019, to December 5, 2023

15             ("Washington Settlement Subclass").

16         3.      Preliminarily appointing Plaintiffs Tracey Liu and Kristie Rudham as Class

17  Representatives for settlement purposes;

18         4.      Preliminarily appointing Dovel & Luner, LLP as Class Counsel;

19         5.      Preliminarily finding that the terms of the Settlement are fair, reasonable and adequate,

20  and comply with Rule 23(e) of the Federal Rules of Civil Procedure;

21         6.      Approving that the proposed Notice Plan complies with the requirements of Rule 23

22  and due process, and that the Notice is to be sent to the Settlement Class Members as set forth in the

23  Settlement Agreement and pursuant to the deadlines in the Agreement.

24         This Motion is unopposed by Defendant Home Depot U.S.A., Inc. and is based on this Notice

25  of Motion and Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional

26  Class Certification; the Declarations of Simon Franzini, Tracey Liu, Kristie Rudham, and Jacob

27  Kamenir, filed concurrently herewith, all supporting exhibits filed herewith, all other pleadings and

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   papers filed in this action, and any argument or evidence that may be presented at the hearing in this

2   matter.

3

4   Dated: April 15, 2024                  Respectfully submitted,

5                                          DOVEL & LUNER, LLP

6                                          By: _s/ Simon C. Franzini_

7                                          Simon C. Franzini (Cal. Bar No. 287631)*
                                           simon@dovel.com

8                                          Grace Bennett (Cal. Bar No. 345948)^
                                           grace@dovel.com

9                                          201 Santa Monica Blvd., Suite 600
                                           Santa Monica, California 90401

10                                         Telephone: (310) 656-7066

11                                         Facsimile: (310) 656-7069

12                                         Carson & Noel, PLLC

13                                         Wright A. Noel, WSBA No. 25264

14                                         20 Sixth Ave. NE
                                           Issaquah WA 98027

15                                         Tel: 425-395-7786
                                           Fax: 425-837-5396

16                                         Email: wright@carsonnoel.com

17                                         *Admitted *Pro Hac Vice*

18                                         ^ *Pro Hac Vice* pending

19                                         *Counsel for Plaintiffs*

20

21

22

23

24

25

26

27

Renewed Motion for Preliminary Approval of Class          2          Dovel & Luner, LLP
Action Settlement and Conditional Class                              201 Santa Monica Blvd., Suite 600
Certification                                                        Santa Monica, CA 90401
Case No. 2:23-cv-01217-JLR                                           (310) 656-7066

# **Table of Contents**

I.   Introduction. .................................................................................................1

II.  Factual background. ......................................................................................1

    A.   Plaintiffs' allegations. ............................................................................1

    B.   Litigation, settlement negotiations and mediation. ...............................2

    C.   The Settlement. .....................................................................................3

        1.   Class definition. ..............................................................................3

        2.   Benefits to Settlement Class Members. .........................................4

        3.   Limited release of claims. ..............................................................5

        4.   Attorneys' fees and expenses and incentive awards. .....................5

        5.   Settlement notice and administration. ............................................6

III. The Settlement should be preliminarily approved. ........................................7

    A.   The proposed Settlement is fundamentally fair, adequate, and reasonable. .........................7

        1.   Rule 23(e)(2)(A): The proposed Class Representatives and Class Counsel have adequately represented the Class. ....................................8

        2.   Rule 23(e)(2)(B): The Settlement is the product of serious, informed, non-collusive negotiations. ...............................................9

        3.   Rule 23(e)(2)(C): The Settlement provides excellent relief. ................... 11

        4.   Rule 23(e)(2)(D): The Settlement treats Class Members equitably relative to each other. ....................................... 17

    B.   The Settlement Class satisfies the requirements of Rule 23(a) and (b), and so may be conditionally certified. ...............................................18

        1.   Rule 23(a)(1): The Settlement Class is sufficiently numerous. .............. 18

        2.   Rule 23(a)(2): There are questions of law and fact common to the Settlement Class. .........................................................................18

        3.   Rule 23(a)(3): Plaintiffs' claims are typical to those of the Settlement Class. .......................................................................19

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

4.    Rule 23(a)(4): Plaintiffs and proposed Class Counsel have fairly and adequately represented the Settlement Class's interests. ........................................ 20

5.    Rule 23(b)(3): Common questions predominate, and a class action is superior to other available methods of adjudication. ............................................. 20

C.    The Court should approve the proposed notice plan. ........................................................22

IV.    Conclusion. ......................................................................................................................23

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

ii

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Table of Authorities**

**Cases**

*Abdullah v. U.S. Sec. Assocs., Inc.,*
  731 F.3d 952 (9th Cir. 2013) ................................................................................. 18

*Adams v. Haan,*
  2020 U.S. Dist. LEXIS 176002 (C.D. Cal. 2020) .................................................. 15

*Ahmed v. HSBC Bank USA,*
  2019 U.S. Dist. LEXIS 104401 (C.D. Cal. 2019) .................................................. 17

*All Consumer & Reseller Actions (In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.),*
  2016 U.S. Dist. LEXIS 99071 (N.D. Cal. 2016) ..................................................... 9

*Allen v. Bedolla,*
  787 F.3d 1218 (9th Cir. 2015) ............................................................................... 11

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ........................................................................................ 18, 22

*Arthur v. Sallie Mae, Inc.,*
  2012 U.S. Dist. LEXIS 132061 (W.D. Wash. 2012) ............................................. 16

*Barr v. SelectBlinds LLC,*
  2024 U.S. Dist. LEXIS 39068 (C.D. Cal. 2024) .................................................... 15

*Bayat v. Bank of the West,*
  2015 U.S. Dist. LEXIS 50416 (N.D. Cal. 2015) .................................................... 11

*Bell v. Redfin Corp.,*
  2023 U.S. Dist. LEXIS 211383 (S.D. Cal. 2023) .................................................... 5

*Briseño v. Henderson,*
  998 F.3d 1014 (9th Cir. 2021) ............................................................................... 10

*Carideo v. Dell Inc.,*
  2010 U.S. Dist. LEXIS 157985 (W.D. Wash. 2010) ............................................. 10

*Chaikin v. Lululemon USA Inc.,*
  2014 U.S. Dist. LEXIS 35258 (S.D. Cal. 2014) .................................................... 14

*Chester v. TJX Cos.,*
  2017 U.S. Dist. LEXIS 201121 (C.D. Cal. 2017) ....................................... 12, 13, 19

*Chowning v. Kohl's Dep't Stores, Inc.,*
  2016 U.S. Dist. LEXIS 188341 (C.D. Cal. 2016) .................................................. 15

*Chowning v. Kohl's Dep't Stores, Inc.,*
  2016 U.S. Dist. LEXIS 37261 (C.D. Cal. 2016) .................................................... 15

*Cody v. SoulCycle Inc.,*
  2017 U.S. Dist. LEXIS 163965 (C.D. Cal. 2017) .................................................. 15

*Elder v. Hilton Worldwide Holdings, Inc.,*
  2020 U.S. Dist. LEXIS 259476 (N.D. Cal. 2020) ........................................... 13, 14

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

iii

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*Foos v. Ann, Inc.,*
    2013 U.S. Dist. LEXIS 136918 (S.D. Cal. 2013) ............................................... 14

*Garcia v. Harborstone Credit Union,*
    2023 U.S. Dist. LEXIS 114412 (W.D. Wash. 2023) .............................................8

*Gordon v. Robinhood Fin. Ltd. Liab. Co.,*
    2021 U.S. Dist. LEXIS 13457 (E.D. Wash. 2021).............................................. 18

*Hallman v. Wells Fargo Bank, N.A.,*
    2021 U.S. Dist. LEXIS 261788 (W.D. Wash. 2021) ................................9, 19, 22

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998)............................................................... 19, 21

*Hart v. BHH, LLC,*
    2020 U.S. Dist. LEXIS 173634 (S.D.N.Y. 2020)...................................................5

*Hendricks v. Ference,*
    754 F. App'x 510 (9th Cir. 2018) ............................................................. 15

*Hendricks v. StarKist Co.,*
    2016 U.S. Dist. LEXIS 134872 (N.D. Cal. 2016) .......................................... 15

*Hunichen v. Atonomi LLC,*
    2021 U.S. Dist. LEXIS 239909 (W.D. Wash. 2021) .............................................7

*In re Hyundai and Kia Fuel Econ. Litig.,*
    926 F.3d 539 (9th Cir. 2019)....................................................................7

*In re MyFord Touch Consumer Litig.,*
    2019 U.S. Dist. LEXIS 53356 (N.D. Cal. 2019) ........................................... 10

*In re Omnivision Technologies, Inc.,*
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..................................................... 16

*In re Online DVD-Rental Antitrust Litig.,*
    779 F.3d 934 (9th Cir. 2015)........................................................ 11, 15, 16, 17

*In re Wireless Facilities, Inc.,*
    253 F.R.D. 607 (S.D. Cal. 2008)................................................................ 18

*Jacobo v. Ross Stores, Inc.,*
    2018 U.S. Dist. LEXIS 248252 (C.D. Cal. 2018).............................. 12, 13, 21, 22

*Junkersfeld v. Med. Staffing Sols., Inc.,*
    2022 U.S. Dist. LEXIS 114007 (E.D. Cal. 2022) .............................................8

*Just Film, Inc. v. Buono,*
    847 F.3d 1108 (9th Cir. 2017)................................................................ 21

*Kimbo v. MXD Grp., Inc.,*
    2021 U.S. Dist. LEXIS 25825 (E.D. Cal. 2021)............................................. 20

*Kumar v. Salov N. Am. Corp.,*
    737 F. App'x 341 (9th Cir. 2018) ............................................................. 13

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

iv

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*Larsen v. Trader Joe's Co.,*
   2014 U.S. Dist. LEXIS 95538 (N.D. Cal. 2014) ................................................ 16

*Morey v. Louis Vuitton N. Am., Inc.,*
   2014 U.S. Dist. LEXIS 3331 (S.D. Cal. 2014) .................................................. 14

*Perks v. ActiveHours, Inc.,*
   2021 U.S. Dist. LEXIS 57272 (N.D. Cal. 2021) ........................................... 10, 17

*Rael v. Children's Place, Inc.,*
   2020 U.S. Dist. LEXIS 13970 (S.D. Cal. 2020) ................................. 8, 15, 19, 21

*Randall v. Integrated Commc'n Serv.,*
   2023 U.S. Dist. LEXIS 157658 (W.D. Wash. 2023) ........................................ 12

*Russell v. Kohl's Dep't Stores, Inc.,*
   755 F. App'x 605 (9th Cir. 2018) ................................................................... 12

*Spann v. J.C. Penney Corp.,*
   307 F.R.D. 508 (C.D. Cal. 2015) .................................................................... 19

*Spann v. J.C. Penney Corp.,*
   314 F.R.D. 312 (C.D. Cal. 2016) .............................................................. 13, 21

*Sperling v. Stein Mart, Inc.,*
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) .......................................................... 15

*Stearns v. Ticketmaster Corp.,*
   655 F.3d 1013 (9th Cir. 2011) ........................................................................ 21

*Steinberg v. Corelogic Credco, LLC,*
   2023 U.S. Dist. LEXIS 177325 (S.D. Cal. 2023) ............................................ 17

*Tchoboian v. FedEx Office & Print Servs., Inc.,*
   2014 U.S. Dist. LEXIS 184376 (C.D. Cal. 2014) ........................................... 14

*Torres v. N. Pac. Seafoods, Inc.,*
   2021 U.S. Dist. LEXIS 254802 (W.D. Wash. 2021) ........................................ 16

*Tuttle v. Audiophile Music Direct Inc.,*
   2023 U.S. Dist. LEXIS 81327 (W.D. Wash. 2023) ............................................ 7

*Veridian Credit Union v. Eddie Bauer LLC,*
   2019 U.S. Dist. LEXIS 189116 (W.D. Wash. 2019) ........................................ 17

*Wolin v. Jaguar Land Rover N. Am., LLC,*
   617 F.3d 1168 (9th Cir. 2010) ........................................................................ 19

*Xiufang Situ v. Leavitt,*
   240 F.R.D. 551 (N.D. Cal. 2007) ................................................................... 18

**Rules**

Fed. R. Civ. P. 23(a)(1) ...................................................................................... 18

Fed. R. Civ. P. 23(a)(2) ...................................................................................... 18

Fed. R. Civ. P. 23(a)(3) ...................................................................................... 19

Fed. R. Civ. P. 23(a)(4) ...................................................................................... 20

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

v

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Fed. R. Civ. P. 23(b)(3) .................................................................................... 20, 21

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................... 22

Fed. R. Civ. P. 23(e)(1)(B) .................................................................................. 7, 22

Fed. R. Civ. P. 23(e)(2) ..................................................................................... 8, 11

Fed. R. Civ. P. 23(e)(2)(B) ..................................................................................... 9

Fed. R. Civ. P. 23(e)(2)(D) ................................................................................... 17

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

vi

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

<u>**Memorandum of Points and Authorities**</u>

**I.      Introduction.**

On March 19, 2024, Plaintiffs filed a Motion for Preliminary Approval. Dkt. 19. In reviewing the Motion, the Court was "generally satisfied that the parties' proposed settlement meets the requirements for preliminary approval," but directed the Parties to update the schedule to provide Settlement Class Members more time to consider the Settlement and Class Counsel's anticipated motion for fees before the deadline to opt-out of or object to the Settlement. Dkt 25. The Parties have executed an amended Settlement Agreement, attached as Exhibit 1, which revises the settlement deadlines in accordance with the Court's direction. Plaintiffs respectfully request that the Court grant preliminary approval of the amended Settlement Agreement.

**II.      Factual background.**

**A.      Plaintiffs' allegations.**

Defendant sells custom blinds and shades through its websites, Blinds.com, AmericanBlinds.com, and JustBlinds.com. Dkt. 16, Consolidated Class Action Complaint ("Complaint"), ¶7. Plaintiffs both purchased window coverings from Defendant for use in their homes. *Id.* ¶¶58, 61. Plaintiffs allege that when they made their purchases, Defendant's website was advertising limited-time, percent-off discounts. *Id.* ¶¶58-61. Plaintiffs allege that they, like other reasonable consumers, understood Defendant's advertising to mean that they were receiving a discount off of Defendant's regular prices. *Id.* ¶62. But, Plaintiffs allege, Defendant "always offers discounts off the list prices it advertises," and, as a result, "the Products are never sold at the purported regular prices, and the sales are not limited in time." *Id.* ¶¶41, 44. So, Plaintiffs allege, Defendant's advertised discounts were not real discounts, and were instead false and misleading. *Id.*

Plaintiffs allege that they were injured by Defendant's false representations because they "would not have purchased the Products, or would have paid less for them" if they had known that the products were not on sale, and that they were not receiving the promised discounts. *Id.* ¶11. And they allege that other consumers were injured in the same way. *Id.*

Based on these allegations, Plaintiffs filed class actions—each in their home states of

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Washington and California respectively—asserting claims for violations of Washington and California consumer protection statutes, respectively, as well as common law claims. *See* Dkt. 1 (initial Complaint); *Rudham v. Global Commerce Inc. and Home Depot U.S.A., Inc.*, Case No. 3:23-cv-00152-DMS-BLM (S.D. Cal.).

### B. Litigation, settlement negotiations and mediation.

Ms. Rudham originally filed her case in the United States District Court for the Southern District of California on January 26, 2023. Exhibit 1, Settlement Agreement ("Agreement") §II(A). And Ms. Liu filed her case in this Court on August 9, 2023. *Id.*

The Parties vigorously litigated the *Rudham* case. The Parties met and conferred on a potential motion to dismiss before agreeing that it could be avoided by way of a stipulated amendment (Ms. Rudham filed a First Amended Complaint on April 12, 2023). *Id.* §II(C). In June 2023, the Parties prepared and provided thorough briefs for, and attended, an Early Neutral Evaluation before a Magistrate Judge. *Id.*; Franzini Decl. ¶11. When the Early Neutral Evaluation did not lead to a settlement, the Parties negotiated and agreed to a case schedule and began conducting discovery and preparing for class certification briefing. Agreement §II(C). Both Parties served initial disclosures, and Plaintiff served extensive requests for production and interrogatories, as well as multiple deposition notices to ensure that she had all necessary information for a class certification motion. *Id.* §II(C); Franzini Decl. ¶11. The Parties exchanged discovery letters and met and conferred on discovery issues multiple times. Agreement §II(C). In addition, Plaintiffs' counsel retained two experts in preparation for the class certification motion: Bruce Silverman, a well-regarded marketing expert with extensive experience in false advertising class actions; and Colin Weir, a well-known and respected economist with similar experience in class action cases. *Id.*; Franzini Decl. ¶11. With the help of these experts, Plaintiffs' counsel put together evidence and analysis that they believe showed that Defendant was liable and that Defendant's liability could be established class-wide, developed multiple class-wide damages models, and began designing a conjoint survey to quantify damages, all in support of Plaintiffs' anticipated motion for class certification. Agreement §II(C).

While continuing to vigorously litigate the case, the Parties also engaged in substantive

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

settlement discussions. The Parties agreed, in August 2023, to schedule a mediation. *Id.* The negotiations—which took place over many months and included multiple mediation sessions—were arduous, contentious, and well-informed. Franzini Decl. ¶12. After agreeing to mediate, the Parties exchanged significant informal discovery, including detailed financial and sales records. Agreement §II(C). Plaintiffs' counsel performed an extensive analysis of these sales records, which were voluminous, and used them to put together several damages models that it shared with Defendant. *Id.* Counsel collected numerous archived copies of Defendant's three websites showing Defendant's price advertising over time, and worked with Mr. Silverman to prepare a liability analysis, and also an expert report for mediation purposes, which was also provided to Defendant. *Id.*; Franzini Decl. ¶12. The Parties also prepared comprehensive mediation briefs that discussed the claims, defenses, and alleged damages in detail. Agreement §II(C).

The Parties participated in an in-person mediation in Irvine, California on September 25, 2023, with JAMS mediator Bruce Friedman. *Id.* The Parties did not reach an agreement at the mediation, but made significant progress. Thus, the Parties continued to engage in extensive and contentious negotiations after the first mediation session. *Id.* The Parties then scheduled and attended a second in-person mediation session on December 6, 2023, again with Mr. Friedman. *Id.* The second mediation was productive, but the Parties still did not reach a settlement on the day of the mediation. *Id.* The Parties continued negotiations through Mr. Friedman until he offered a mediator's proposal on December 22, 2023. *Id.* Both sides accepted the proposal and, on January 4, 2024, Mr. Friedman announced that the Parties had reached an agreement in principle. *Id.* The Parties then began negotiating a long-form agreement, which involved a number of back-and-forth redline drafts and phone conversations among counsel. Franzini Decl. ¶15. The long-form was executed on March 13, 2024. *Id.* The Settlement Agreement (as amended, as discussed above), is attached to this Motion as Exhibit 1.

**C.    The Settlement.**

**1.    Class definition.**

The Settlement defines the Settlement Class as follows:

- All persons who, while in the state of California, purchased one or more products

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

advertised as being subject to a purported discount on Defendant's websites Blinds.com, JustBlinds.com, and AmericanBlinds.com from January 26, 2020, to December 5, 2023 ("California Settlement Subclass"); and

- All persons who, while in the State of Washington, purchased one or more products advertised as being subject to a purported discount on Defendant's websites Blinds.com, JustBlinds.com, and AmericanBlinds.com from August 9, 2019, to December 5, 2023 ("Washington Settlement Subclass").

Agreement §I(FF).

### 2.    Benefits to Settlement Class Members.

The Settlement provides for approximately $15.5 million in direct benefits to Class Members, and a total of approximately $19 million in value when settlement administration costs, attorneys' fees and costs, and incentive awards are included. As part of the Settlement, Defendant also modified its price advertising to ensure compliance with California and Washington law.

Monetary relief: The Settlement requires Defendant to provide direct benefits worth approximately $50 to each of approximately 310,000 Settlement Class Members, for a total of $15.5 million. Agreement §III(C)(1). Settlement benefits will be distributed in one of two ways, at each Settlement Class Member's election. *Id.* §III(C)(3-4). Settlement Class Members can file a claim and receive their settlement benefit in cash, in the form of a check or electronic transfer such as Venmo. *Id.* §III(C)(3); *Id.* Exhibit C (Claim Form). Or, Class Members can do nothing and automatically receive a $50 store credit, which will be sent to the email address Defendant has on file for them. The store credit can be transferred, resold, or used for any purchase on Defendant's websites with no restrictions or blackout dates. *Id.* §III(C)(4-5); *see* §III(A)(3) below (providing more detail on the credits). This two-tier distribution method allows any Settlement Class Member to receive their settlement benefit in cash, while ensuring that even Class Members who do not file a claim are still afforded relief using information already in Defendant's records.

To pay Settlement Class Members who elect to receive their settlement benefit in cash, and to cover settlement administration costs, attorneys' fees and costs, and incentive awards for the Class

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   Representatives, the Settlement requires Defendant to establish a non-reversionary $4.95 million cash

2   common fund. Agreement, §§I(F), III(C)(2). That amount is expected to be more than enough to pay all

3   cash claims of $50 in full; pay for the notice and administration costs as estimated by the Settlement

4   Administrator; and also cover the full award of attorneys' fees and costs and incentive awards that the

5   Settlement allows. Franzini Decl. ¶18. As a result, the Settlement will allow for administration costs,

6   attorneys' fees, and incentive awards to be paid without reducing the amount of the direct benefits that

7   Class Members will receive. Factoring in these additional benefits, the Settlement will provide a total of

8   approximately $19 million in relief to the Settlement Class. Franzini Decl. ¶19; *see Bell v. Redfin Corp.*,

9   2023 U.S. Dist. LEXIS 211383, at *14 (S.D. Cal. 2023) (notice and administration costs "were

10  reasonably incurred for the benefit of the Class" and so should be included in the total value of the

11  Settlement); *Hart v. BHH, LLC*, 2020 U.S. Dist. LEXIS 173634, at *21 (S.D.N.Y. 2020) ("The class

12  benefits from having counsel represent them. Therefore, even if indirectly, attorneys' fees paid directly

13  by the defendant are a benefit to the class.").

14          <u>Programmatic Relief</u>. In addition to the other benefits provided to the Class, the Settlement also

15  delivers important programmatic relief. Agreement §III(C)(6). Pursuant to the Settlement, Defendant

16  made changes to its advertising: it modified the frequency and nature of the promotions on its websites

17  to ensure compliance with California and Washington consumer protection law. *Id.* These changes will

18  help protect Class Members, and other consumers, from future injury stemming from Defendant's

19  allegedly deceptive advertising.

20                          **3.    Limited release of claims.**

21          The Settlement Agreement calls for a narrowly tailored release of only those claims that "were

22  alleged in the operative complaint" or which "arise from the same facts and claims alleged" in the

23  Complaint. Agreement §III(D)(1). Under the Agreement, Settlement Class Members retain their rights

24  against Defendant to bring any claims disconnected from the facts and allegations in this lawsuit.

25                          **4.    Attorneys' fees and expenses and incentive awards.**

26          The Settlement permits proposed Class Counsel to apply to the Court for its reasonable

27  attorneys' fees in an amount not to exceed $3.5 million (plus reasonable costs and expenses). Agreement

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

§III(E)(1). This amounts to less than 18.5% of the total value of the monetary relief that the Settlement affords Class Members. As discussed below, this is substantially lower than the Ninth Circuit's 25% benchmark routinely awarded to class counsel in this District and Circuit. *See* §III(A)(3) below.

The Settlement also permits each proposed Class Representative to apply for an incentive award not to exceed $2,500. Agreement §III(E)(2). As discussed below, this is at the lower end of what is customarily awarded to Class Representatives in this District and the Ninth Circuit. *See* §III(A)(4) below.

If less than the full amount made available to pay for attorneys' fees or incentive awards is awarded to Class Counsel or the Class Representatives, the difference will not revert to Defendant. It will instead remain in the cash common fund and be distributed pro-rata to Class Members who file claims and elect to receive cash. Agreement §III(C)(3).

**5.    Settlement notice and administration.**

The Settlement provides that "[a]ll notice and claims administration activities shall be carried out exclusively" by a Settlement Administrator selected by the Parties and appointed by the Court. Agreement §IV(A). The Parties selected, and request that the Court appoint, Simpluris Inc. ("Simpluris") as Settlement Administrator. Franzini Decl. ¶29. The Parties made this selection after soliciting bids from multiple well-regarded settlement administration companies. *Id.* Simpluris anticipates that administration will cost $54,000, and has agreed to a hard cap at this same amount. Kamenir Decl. ¶41.

To effectuate notice, Defendant will provide Simpluris with a class list consisting of: (1) Class Members' names; (2) Class Members' most recent email addresses associated with a purchase on Blinds.com, AmericanBlinds.com, or JustBlinds.com; and (3) the shipping address associated with each Settlement Class Member's most recent purchase to a Washington or California address. Agreement §IV(B)(1). Using this information, the Settlement Administrator will provide direct notice to all Settlement Class Members by email. Kamenir Decl. ¶¶15-21; Agreement §IV(B)(3-4). Because Defendant has an email address associated with each order, the Parties anticipate that the overwhelming majority of Settlement Class Members will receive email notice. Still, if email notice to any Class Member is returned as undeliverable, the Settlement Administrator will provide notice by first class U.S.

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  mail. Agreement §IV(B)(4); Kamenir Decl. ¶¶18-21. The proposed notice program is therefore expected

2  to achieve near-universal actual notice. Franzini Decl. ¶31.

3      The Settlement Administrator will also create a Settlement Website. The Website will allow Class

4  Members to submit claims for cash relief online and will include detailed information concerning the

5  Settlement, including information on how to opt out of or object to the Settlement. Agreement

6  §IV(B)(5); Kamenir Decl. ¶22.

7  **III. The Settlement should be preliminarily approved.**

8      The Ninth Circuit recognizes a "strong judicial policy that favors settlements, particularly where

9  complex class action litigation is concerned." *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 556

10  (9th Cir. 2019). Under Rule 23(e), "the approval of a class action settlement is a two-step process,

11  beginning with the Court's preliminary approval" and followed by a later final approval. *Hunichen v.*

12  *Atonomi LLC*, 2021 U.S. Dist. LEXIS 239909, at *11 (W.D. Wash. 2021). "In order for the court to

13  preliminarily approve a class settlement and to direct that notice to be sent to class members, the parties

14  must show that the court 'will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii)

15  certify the class for purposes of judgment on the proposal.'" *Tuttle v. Audiophile Music Direct Inc.*, 2023

16  U.S. Dist. LEXIS 81327, at *9 (W.D. Wash. 2023) (Robart, J.) (quoting Fed. R. Civ. P. 23(e)(1)(B)).

17      Here, as shown below, both requirements are met. Accordingly, the Court should preliminarily

18  approve the Settlement.

19      **A. The proposed Settlement is fundamentally fair, adequate, and reasonable.**

20      Rule 23(e)(2) requires the court to evaluate whether the Parties' settlement proposal is "fair,

21  reasonable, and adequate" after considering four factors. Those factors are "whether (A) the class

22  representative and class counsel have adequately represented the class; (B) the proposal was negotiated

23  at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks,

24  and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the

25  class, including the method of processing class-member claims; (iii) the terms of any proposed award of

26  attorney's fees, including timing of payment; … (iv) any agreement required to be identified under Rule

27  23(e)(3); and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P.

Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification
Case No. 2:23-cv-01217-JLR

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

23(e)(2).

To be preliminarily approved under Rule 23(e)(2), "the proposed settlement need not be ideal, but it must be fair and free of collusion, consistent with counsel's fiduciary obligations to the class." *Garcia v. Harborstone Credit Union*, 2023 U.S. Dist. LEXIS 114412, at *13 (W.D. Wash. 2023).

Here, the Rule 23(e)(2) factors demonstrate that the proposed Settlement is fundamentally fair, adequate, and reasonable. The Court should therefore grant preliminary approval.

### 1.    Rule 23(e)(2)(A): The proposed Class Representatives and Class Counsel have adequately represented the Class.

In evaluating adequacy of representation under Rule 23(e)(2)(A), courts consider: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Junkersfeld v. Med. Staffing Sols., Inc.*, 2022 U.S. Dist. LEXIS 114007, at *18 (E.D. Cal. 2022).

Here, Plaintiffs and their counsel do not have any conflicts of interest with Settlement Class Members. To the contrary, Plaintiffs' interests and those of all other Settlement Class Members are identical. Like other Class Members, Plaintiffs purchased products from Defendant and were shown allegedly deceptive advertising about the regular prices and purported discounts applicable to the products they were purchasing. Complaint ¶¶58-62. Like other Class Members, Plaintiffs allegedly would not have bought the products they purchased, or would have paid less for them, had Defendant's advertising been truthful. *Id.* ¶62. And, "like other Class Members, Plaintiffs' primary injury is the loss of income from purchases made at [Defendant's websites] as a result of [Defendant]'s false discounts." *Rael v. Children's Place, Inc.*, 2020 U.S. Dist. LEXIS 13970, at *15 (S.D. Cal. 2020). In short, Plaintiffs' "interests are coextensive with, and not antagonistic to, those of the class members."). *Garcia*, 2023 U.S. Dist. LEXIS 114412 at *10 (adequacy requirement satisfied).

In addition, Plaintiffs prosecuted the action vigorously on behalf of the Settlement Class. They both provided documents and information needed to file their initial Complaints and the Consolidated Class Action Complaint; reviewed the pleadings and consulted with counsel on their experiences with Defendant; communicated with counsel leading up to mediation; made themselves available during and

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    discussed the mediation and the class-wide resolution negotiated at the mediation with counsel; and

2    reviewed, discussed, and approved the terms of the Settlement Agreement. In addition, Ms. Rudham

3    attended the Early Neutral Evaluation and discussed the proceeding with counsel before and after. Liu

4    Decl. ¶8; Rudham Decl. ¶8. In short, both Plaintiffs took their roles seriously and vigorously pursued—

5    and continue to pursue—relief on behalf of the Settlement Class.

6        Moreover, Plaintiffs hired highly competent, qualified counsel to represent the interests of the

7    Settlement Class. Class Counsel at Dovel & Luner are accomplished litigators with ample experience in

8    class actions and complex litigation, including in cases very similar to this one. Franzini Decl. ¶4-8;

9    *Hallman v. Wells Fargo Bank, N.A.*, 2021 U.S. Dist. LEXIS 261788, at *8 (W.D. Wash. 2021) (Robart, J.)

10   (adequacy satisfied where "Class Counsel [had] significant class action litigation experience, [and was]

11   knowledgeable about the applicable law."). And, counsel has vigorously represented the interests of the

12   Settlement Class, dedicating substantial time and resources to this case on a contingency basis while

13   facing a real risk of recovering nothing and negotiating excellent relief benefitting the Settlement Class.

14       In short, Plaintiffs have common interests with the Settlement Class and vigorously prosecuted

15   this case on the Settlement Class's behalf through highly competent, experienced counsel. Plaintiffs and

16   proposed Class Counsel have adequately represented the Class's interests.

17       **2.    Rule 23(e)(2)(B): The Settlement is the product of serious, informed, non-**

18              **collusive negotiations.**

19       Rule 23(e)(2)(B) considers whether the proposed settlement "was negotiated at arm's length."

20   Fed. R. Civ. P. 23(e)(2)(B). "Preliminary approval is appropriate if the proposed settlement is the

21   product of serious, informed, non-collusive negotiations." *All Consumer & Reseller Actions (In re*

22   *Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.)*, 2016 U.S. Dist. LEXIS 99071, at *639

23   (N.D. Cal. 2016). Here, the Settlement is the product of arm's-length negotiations between the Parties,

24   each represented by competent and well-informed counsel; and is in no way collusive.

25       To start, Plaintiffs' counsel was well-informed in all negotiations and negotiated the Settlement

26   only after significant analysis of the case. Counsel engaged in extensive pre-filing investigations before

27   the cases were even filed. Franzini Decl. ¶12. And, before the Settlement was reached, the Parties

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  engaged in extensive informal discovery, including the exchange of financial data and sales records,

2  which informed both liability and damages. Agreement §II(C). Plaintiffs' counsel consulted with two

3  well-regarded experts and developed detailed class-wide liability evidence and several damages models in

4  anticipation of class certification. *See* §II(B) above. And, the Parties prepared substantive and detailed

5  mediation briefs addressing all pertinent issues, which gave them the chance to fully consider and

6  understand the relevant claims and defenses, as well as Defendant's exposure. Franzini Decl. ¶12;

7  Settlement Agreement §II(C); *see Perks v. ActiveHours, Inc.*, 2021 U.S. Dist. LEXIS 57272, at *13 (N.D.

8  Cal. 2021) ("Despite the relatively early stage of the litigation, Class Counsel obtained sufficient

9  information to make an informed decision about the Settlement and about the legal and factual risks of

10  the case").

11        In addition, the Parties enlisted the services of an experienced mediator, Bruce Friedman of

12  JAMS, to guide settlement discussions. Settlement Agreement §II(C); *see Carideo v. Dell Inc.*, 2010 U.S.

13  Dist. LEXIS 157985, at *10 (W.D. Wash. 2010) (Robart, J.) ("The assistance of an experienced mediator

14  in the settlement process confirms that the settlement is non-collusive."). After the initial September 25,

15  2023, mediation was unsuccessful, the Parties continued negotiations through the mediator and attended

16  a second mediation, which allowed them to further refine their settlement positions and further

17  understand and appreciate of the risks of continued litigation for both sides. Agreement §II(C). And, the

18  Settlement resulted from both sides accepting a mediator's proposal provided after the second

19  mediation, further confirming that the Settlement was the product of arm's-length bargaining and not

20  collusion. Agreement §II(C); *see In re MyFord Touch Consumer Litig.*, 2019 U.S. Dist. LEXIS 53356, at *25

21  (N.D. Cal. 2019) (proposed settlement was "the product of arm's-length bargaining" where it was based

22  on a mediator's proposal).

23        In addition, the Settlement is free of the three "red flags" that the Ninth Circuit has found may

24  suggest potential collusion. *Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021). These "'subtle signs

25  that class counsel have allowed pursuit of their own self-interests … to infect the negotiations'" are "(1)

26  'when counsel receive a disproportionate distribution of the settlement'; (2) 'when the parties negotiate a

27  'clear sailing' arrangement' (i.e., an arrangement where defendant will not object to a certain fee request

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

10

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

by class counsel); and (3) when the parties create a reverter that returns unclaimed fees to the defendant." *Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015). None of these signs are present here. Plaintiffs' counsel has (unilaterally) agreed to limit their fee request to no more than $3.5 million—which amounts to less than 18.5% of the total Settlement value. Agreement §III(E)(1). So, far from receiving a disproportionate distribution, Class Counsel will receive at most a distribution that is far less than the Ninth Circuit's 25% benchmark that courts in this Circuit routinely award in class actions. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (establishing a 25% benchmark for fees). In addition, the Parties did not negotiate a clear sailing provision: the Settlement expressly allows Defendant to challenge Class Counsel's fee request. Agreement §III(E)(1). Nor did the Parties create a reverter that returns unclaimed fees to Defendant: if the Court awards less than the full $3.5 million that Class Counsel is entitled to request, unawarded fees will be distributed pro-rata to Settlement Class Members who file a claim to receive their settlement benefit in cash. *Id.* §III(C)(3).

In short, the Agreement was the result of non-collusive, arm's-length negotiations through experienced counsel facilitated by an experienced mediator. This factor weighs in favor of approval.

### 3.    Rule 23(e)(2)(C): The Settlement provides excellent relief.

Rule 23(e)(2)(C) requires the court to evaluate "whether the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and] (iii) the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2). The relief provided to the Class is the most important consideration in evaluating a potential settlement. *See Bayat v. Bank of the West*, 2015 U.S. Dist. LEXIS 50416, at *12 (N.D. Cal. 2015) ("[T]he critical component of any settlement is the amount of relief obtained by the class.").

Here, the Settlement affords the Settlement Class excellent relief—and an excellent distribution method—notwithstanding the existence of serious obstacles to recovering on the asserted claims. And the terms of any proposed award of attorneys' fees are reasonable, and actually highly favorable to the Class. This factor therefore strongly weighs in favor of approval.

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

11

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

<u>The Settlement affords Class Members excellent relief</u>. As described above, Defendant will provide a $50 direct settlement benefit, in the form of cash or highly flexible store credit, to approximately 310,000 Settlement Class Members. This amounts to a total of $15.5 million in direct benefits actually paid to Class Members. And, the Settlement makes available additional funds to cover notice and administration costs, attorneys' fees and costs, and incentive awards—meaning that the expenses associated with obtaining relief for the Class will not eat into Settlement Class Members' recovery. Agreement §I(F). When this is factored in, the total value of the benefits created by the Settlement is approximately $19 million. Franzini Decl. ¶18-19 (explaining that, based on the anticipated claims rate, attorneys' fees, notice and administration costs, and incentive awards, the $4.95 million cash fund will be more than sufficient to pay for all such expenses without decreasing the recovery for Class Members). This is an outstanding recovery for Class Members, both individually and in the aggregate, and is far more than consumers typically recover in similar cases. *See, e.g., Chester v. TJX Cos.*, 2017 U.S. Dist. LEXIS 201121, at *21 (C.D. Cal. 2017) (preliminarily approving a fake discount settlement with an average award of approximately $37.00, assuming a 2% claims rate); *Jacobo v. Ross Stores, Inc.*, 2018 U.S. Dist. LEXIS 248252, at *25 (C.D. Cal. 2018) (preliminarily approving a fake discount case settlement with an average award of approximately $16.70, assuming a 2% claims rate); *Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x 605, 610 (9th Cir. 2018) (affirming approval of fake discount settlement where counsel estimated an average award of $20 per claimant). And such an outcome—which provides substantial and meaningful compensation to all Class Members—is well within the range of reasonable outcomes. *See Randall v. Integrated Commc'n Serv.,* 2023 U.S. Dist. LEXIS 157658, at *13 (W.D. Wash. 2023) ("It is well-settled law that a proposed settlement may be acceptable even though it amounts only to a fraction of the potential recovery that might be available to class members at trial.").

In addition, the Settlement provides non-monetary relief to the Settlement Class. Defendant has made changes to its advertising and sales policies to ensure compliance with California and Washington law. Agreement §III(C)(6). These changes included altering the frequency and nature of advertised sales and will protect consumers—both Class Members and the general public—from future injury caused by the alleged deception. *Id*; *see Kumar v. Salov N. Am. Corp.*, 737 F. App'x 341, 342 (9th Cir. 2018)

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

12

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1 (affirming holding that class counsel reached an "excellent result" for the class, including by achieving

2 the class's non-monetary goal of "get[ting] the defendants to improve their practices").

3     <u>The Settlement provides for a flexible, highly desirable method of distribution</u>. In addition to

4 providing excellent topline relief, the Settlement also provides for a highly desirable method of

5 distributing relief to Settlement Class Members. The Settlement allows any Class Member to receive

6 settlement benefits in cash—without any penalty for choosing cash. Agreement §III(C)(3); Franzini

7 Decl. ¶17-18. The Settlement provides for a streamlined, simple claims process, making it easy for any

8 Settlement Class Member who prefers to receive cash to file a claim. And, because the estimated $50

9 recovery each Class Member will receive is on the higher end of what is typically provided in class action

10 settlements, there is a significant incentive for Class Members who prefer cash to file a claim to receive a

11 cash benefit. *See Elder v. Hilton Worldwide Holdings, Inc.*, 2020 U.S. Dist. LEXIS 259476, at *13 (N.D. Cal.

12 2020) (explaining that a "$25 or $50 cash option is much more likely to justify the transaction costs of

13 filing a claim" than a smaller cash option).

14     The Settlement also ensures that every single Class Member will actually receive settlement

15 benefits. Under the terms of the Settlement, any Class Member who does not file a claim will

16 automatically receive their settlement benefit in the form of store credit, taking advantage of the fact

17 that Defendant possesses information allowing for such credits to be delivered by email without

18 gathering any more information from Class Members. *See* §II(C)(2) above, Agreement §III(C)(4). This

19 eliminates the need for Class Members to file a claim to obtain relief and results in far more

20 comprehensive relief than many similar settlements, which typically afford relief only to those class

21 members who file a claim, leaving those who don't with nothing. *See e.g.*, *Spann v. J.C. Penney Corp.*, 314

22 F.R.D. 312, 332 (C.D. Cal. 2016) (preliminarily approving a fake discount settlement where consumers

23 had to file a claim to receive a settlement benefit); *Chester*, 2017 U.S. Dist. LEXIS 201121, at *21 (same);

24 *Jacobo*, 2018 U.S. Dist. LEXIS 248252, at *25 (same).

25     Plus, the credits that Class Members will receive under this automatic distribution procedure are

26 as flexible as possible. They can be used for any product on any of Defendant's three window covering

27 websites, without exclusions or restrictions, and regardless of which website a Class Member previously

Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification
Case No. 2:23-cv-01217-JLR
13
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

purchased from. Agreement §III(C)(5). The credits can be combined with any other sale or promotion. *Id.* They can be stacked, meaning multiple settlement credits can be applied to one order (for example, if two members of a household are both Class Members, they can apply both their credits to a single order.). *Id.* They can be transferred or sold. *Id.* They are valid for three years and can be used at any time during that period, with no blackout dates, meaning that Class Members can use them whenever they want for a lengthy period of time. *Id.*; *see Morey v. Louis Vuitton N. Am., Inc.*, 2014 U.S. Dist. LEXIS 3331, at *22-23 (S.D. Cal. 2014) (finally approving settlement that provided Louis Vuitton credits that could be used at any time for one year); *Chaikin v. Lululemon USA Inc.*, 2014 U.S. Dist. LEXIS 35258, at *20 (S.D. Cal. 2014) (finally approving settlement where credit vouchers can be used at any time during a six month period). And, Defendant sells numerous products for less than $50, meaning that Class Members who receive credit will not have to pay Defendant any more of their own money to use it. Franzini Decl. ¶26. Defendant also offers free shipping in the continental United States, meaning that Class Members will not have to pay out of pocket for shipping and handling, either. *Id.*

In short, the credits are not disfavored percent off "coupons"; they are flexible vouchers with real value that Class Members can use for any product on three different websites, without needing to spend any of their own money. *See Tchoboian v. FedEx Office & Print Servs., Inc.,* 2014 U.S. Dist. LEXIS 184376, at *6 (C.D. Cal. 2014) ("[C]ourts have distinguished between 'coupons,' which provide 'discounts on merchandise or services offered by the defendant,' and 'vouchers,' which provide 'free merchandise or services.'"); *see e.g.*, *Elder*, 2020 U.S. Dist. LEXIS 259476 at *13-14 (settlement was not a coupon settlement because it provided a "$25 or $50 cash option" and class members could otherwise redeem settlement certificates "without spending any money out of pocket"); *Foos v. Ann, Inc.*, 2013 U.S. Dist. LEXIS 136918, at *6 (S.D. Cal. 2013) ($15 Ann Taylor vouchers were not coupons because they allowed class members "to obtain $15.00 of free merchandise"); *Morey,* 2014 U.S. Dist. LEXIS 3331 at *23 (settlement providing $41 credits that expired after one year was not coupon settlement); *Chaikin*, 2014 U.S. Dist. LEXIS 35258 at *14 (settlement providing $25 credit vouchers that expired in six months was not a coupon settlement); *Cody v. SoulCycle Inc.*, 2017 U.S. Dist. LEXIS 163965, at *19-20 (C.D. Cal. 2017) (noting that "there is a crucial difference between coupons and vouchers" and holding

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

14

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

that credits for SoulCycle classes are not coupons). The credits' full value must therefore be included

when valuing the Settlement. *See, e.g.*, *In re Online DVD-Rental* at 949-50 (9th Cir. 2015) (affirming district

court holding that valued gift cards at 100 cents on the dollar); *Hendricks v. StarKist Co.*, 2016 U.S. Dist.

LEXIS 134872, at *33 n.3 (N.D. Cal. 2016), *aff'd Hendricks v. Ference*, 754 F. App'x 510, 513 (9th Cir.

2018) ("The Court values the product vouchers at $4 million. Contrary to the objectors' contentions, the

vouchers are valued at 100 cents on the dollar"); *Barr v. SelectBlinds LLC*, 2024 U.S. Dist. LEXIS 39068,

at *38-39 (C.D. Cal. 2024) (finally approving fake discount settlement that provided $8.5 million in cash

or credit benefits—at class members' election—and valuing the credit benefits at face value).

    <u>Continued litigation posed significant risks and costs.</u> The outcome here is particularly excellent

given the risks and challenges presented by continued litigation. While Plaintiffs' counsel is very

confident in the strength of the case, it is true that fake discount cases present complicated factual and

legal issues and have been dismissed at every stage of litigation. *See e.g.*, *Adams v. Haan*, 2020 U.S. Dist.

LEXIS 176002, at *1 (C.D. Cal. 2020) (granting defendant's motion to dismiss in a fake discount case);

*Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1087 (C.D. Cal. 2018) (granting defendant's motion for

summary judgment and denying plaintiffs' motion for class certification in a fake discount case);

*Chowning v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 188341, at *1 (C.D. Cal. 2016) (denying motion

for class certification in a fake discount case).

    And indeed, Defendant contested every aspect of Plaintiffs' case. Among other arguments,

Defendant asserted that its pricing was not deceptive because its discounts often required the use of

coupon codes, and that Plaintiffs would be unable to certify a class, including because Plaintiffs could

not calculate class-wide damages or restitution. Franzini Decl. ¶25. While Plaintiffs disagree with these

arguments, counsel has significant experience with fake discount cases and recognizes that they present

risk. *Id.*; *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 37261, at *38 (C.D. Cal. 2016)

(granting summary judgment in a fake discount case because the plaintiffs "failed to demonstrate a

viable measure of restitution," and rejecting several proposed models); *Rael*, 2020 U.S. Dist. LEXIS

13970 at *30 (preliminarily approving fake discount settlement and acknowledging risk of continued

litigation where the "state of the law regarding the appropriate method for calculating damages or

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

restitution in these types of false pricing cases is in flux"). Plus, even if Plaintiffs were successful in certifying a class, they would still face summary judgment, and would need to win at trial and potentially beat back appeals to obtain any recovery whatsoever. *See Larsen v. Trader Joe's Co.*, 2014 U.S. Dist. LEXIS 95538, at *12 (N.D. Cal. 2014) ("[S]ettlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal.").

In short, the outcome here is particularly excellent given the substantial risks and challenges presented by continued litigation, which further supports preliminary approval.

<u>Proposed Class Counsel will seek a reasonable fee award, and the Settlement is not contingent on a particular fee award</u>. Proposed Class Counsel will seek their fees as a percentage of the approximately $19 million in benefits that the Settlement affords the Settlement Class. The Settlement Agreement allows Class Counsel to seek an award of attorneys' fees up to $3.5 million—or less than 18.5% of the Settlement's total value (without even considering the value of the non-monetary relief). Agreement §III(E)(1). Proposed Class Counsel will file their fee petition at least 45 days before the deadline for Class Members to file objections or exclude themselves from the Settlement. *Id.*; *id.* §I(Y).

The amount of fees the Settlement Agreement provides for—less than 18.5% of the Settlement value—is fair and reasonable. It is significantly less than the Ninth Circuit's 25% benchmark. *See In re Online DVD-Rental*, 779 F.3d at 949 (approving a fee award of 25% of the total settlement value, and holding that "in this circuit, the benchmark percentage [for attorneys' fees] is 25%"); *Arthur v. Sallie Mae, Inc.*, 2012 U.S. Dist. LEXIS 132061, at *4 (W.D. Wash. 2012) (Robart, J.) ("The benchmark for an attorneys' fee award in the Ninth Circuit is twenty-five percent."). In fact, it is at the very low end of attorney fee awards in this circuit, which often exceed the benchmark. *See Torres v. N. Pac. Seafoods, Inc.*, 2021 U.S. Dist. LEXIS 254802, at *3 (W.D. Wash. 2021) (Robart, J.) (granting a fee award of 30% of the gross settlement fund); *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1047-48 (N.D. Cal. 2007) ("[N]early all common fund awards range around 30%" and generally "the rate should be set at 30%.").

In short, the Settlement's provisions regarding attorneys' fees are reasonable. This further supports preliminary approval.

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

16

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

4.    **Rule 23(e)(2)(D): The Settlement treats Class Members equitably relative to each other.**

Rule 23(e)(2)(D) asks "whether the proposal 'improperly grant[s] preferential treatment to class representatives or segments of the class.'" *Perks*, 2021 U.S. Dist. LEXIS 57272 at *18.

Here, the Settlement does not grant preferential treatment to the Class Representatives or any one segment of the Settlement Class. Quite the opposite, each Class Member will receive the same settlement benefit in cash or credit, at their election. So, all Class Members are treated equally; none will receive special treatment under the Settlement. *See Steinberg v. Corelogic Credco, LLC*, 2023 U.S. Dist. LEXIS 177325, at *20 (S.D. Cal. 2023) (settlement did not grant preferential treatment where "every participating settlement class member [would] receive equal payments.").

And although the Settlement allows the Class Representatives to petition the Court for incentive awards of up to $2,500, Agreement §III(E)(2), incentive awards are justified "to compensate class representatives for work undertaken on behalf of a class," and are "fairly typical in class action cases." *In re Online DVD-Rental*, 779 F.3d at 943. And, given both Plaintiffs' diligence and commitment to the case, discussed above, $2,500 awards—which together represent less than .01% of the Settlement's total monetary value—are more than justified. *Ahmed v. HSBC Bank USA*, 2019 U.S. Dist. LEXIS 104401, at *35 (C.D. Cal. 2019) (incentive award "amounting to less than one percent of the settlement fund" was "warranted given the substantial efforts plaintiffs [had] undertaken on behalf of the class."). Indeed, it is at the lower end of what is awarded in this Circuit; and courts routinely allow higher incentive awards. *See, e.g., id.* (explaining that a $5,000 incentive award is "presumptively reasonable."); *Veridian Credit Union v. Eddie Bauer LLC*, 2019 U.S. Dist. LEXIS 189116, at *9 (W.D. Wash. 2019) (Robart, J.) (awarding a $10,000 incentive award). Plus, the Settlement is not contingent on the Court approving the $2,500 awards, so there is no risk of a conflict of interest with absent Class Members. Agreement §III(E)(2).

* * *

In short, examination of the Rule 23(e)(2) factors show that the proposed Settlement is fundamentally fair, adequate, and reasonable.

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

17

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**B.    The Settlement Class satisfies the requirements of Rule 23(a) and (b), and so may be conditionally certified.**

"Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes." *In re Wireless Facilities, Inc.*, 253 F.R.D. 607, 610 (S.D. Cal. 2008). To conditionally certify a class, a court must determine that the proposed Settlement Class satisfies the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Here, the proposed class meets all the requirements of Rule 23(a), as well as the requirements of Rule 23(b)(3). The Court should therefore conditionally certify the Settlement Class.

**1.    Rule 23(a)(1): The Settlement Class is sufficiently numerous.**

Rule 23(a)(1) is satisfied when the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no exact numerical cutoff, "[g]enerally, 40 or more members will satisfy the numerosity requirement." *Gordon v. Robinhood Fin. Ltd. Liab. Co.*, 2021 U.S. Dist. LEXIS 13457, at *6-7 (E.D. Wash. 2021). Here, the Settlement Class consists of approximately 310,000 members. Agreement §III(C)(1).

**2.    Rule 23(a)(2): There are questions of law and fact common to the Settlement Class.**

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013). And this requirement is "easily satisf[ied]" where class members "all base their claims on the same legal theory." *Xiufang Situ v. Leavitt*, 240 F.R.D. 551, 560 (N.D. Cal. 2007).

Here, Settlement Class Members all base their claims on the same factual predicate and same legal theory: they all purchased products from Defendant's website, and all claim that they were harmed because, they allege, Defendant's price advertising was false and deceptive. Complaint ¶¶77-193 (asserting uniform legal claims on behalf of all Class Members). As a result, there are numerous

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

18

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

common questions of law and fact that will generate common answers for all Settlement Class Members. These include, but are not limited to: "whether defendant made false statements in its advertisements; [] whether defendant's advertisements were likely to deceive a reasonable consumer; [] whether defendant's statements regarding its pricing were material to plaintiffs' purchasing decisions … [and] whether plaintiffs have suffered damages as a result of defendant's conduct." *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 518 (C.D. Cal. 2015) (certifying class in fake discount case); *see Chester*, 2017 U.S. Dist. LEXIS 201121, at *14 (holding, in a fake discount case, "there is a common question of whether Defendants' price comparison advertising resulted in deceptive price comparisons that were likely to deceive a reasonable consumer.").

### 3.    Rule 23(a)(3): Plaintiffs' claims are typical to those of the Settlement Class.

Rule 23(a)(3) requires the class representative's claims or defenses be "typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3); *see Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). This standard is "permissive,"—claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Plaintiffs' claims are typical of the Settlement Class. Like all other Settlement Class Members, Plaintiffs purchased products from Defendant and believed, based on Defendant's advertising, that they were receiving a discount and paying less than Defendant's regular prices. Complaint ¶¶58-62. Like other members of the Settlement Class, Plaintiffs raise claims under their states' consumer protection laws (along with several common law claims). "[L]ike other Class Members, Plaintiffs' primary injury is the loss of income from purchases made at [Defendant's websites] as a result of [Defendant]'s false discounts." *Rael*, 2020 U.S. Dist. LEXIS 13970, at *15. While the named Plaintiffs bought products from Blinds.com (and not from AmericanBlinds.com or JustBlinds.com), all three websites displayed the same allegedly unlawful advertising, including %-off sales and purported regular prices displayed in strikethrough font. Complaint ¶22; Franzini Decl. ¶12. Thus, Plaintiffs were subjected to the same type of allegedly unlawful sales and discounts as all absent Class Members, and were injured in the same way. *See Hallman*, 2021 U.S. Dist. LEXIS 261788 at *7 (Robart, J.) (typicality

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

19

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

satisfied where "[t]he Class Representative ... suffered the same injuries related to Defendant's policies and practices as the absent Class Members"). Likewise, while the Settlement Class comprises Class Members from both Washington and California, Defendant's conduct was the same in both states; and the consumer protection and common law claims of both states, as applied to Defendant's conduct, are materially similar. *See generally* Complaint ¶¶77-146 (asserting materially identical counts with materially identical elements). Plus, in any event, there is one named Plaintiff from each represented state, meaning that—at a minimum—Ms. Liu's claims are typical of the Washington Subclass and Ms. Rudham's claims are typical of the California Subclass.

In short, Plaintiffs' claims arose from the same conduct that allegedly injured all Class Members—Defendant's allegedly deceptive sales practices—and Plaintiffs and Class Members were allegedly harmed in the same way by this conduct. Plaintiffs' claims are typical of those of the Settlement Class.

### 4. Rule 23(a)(4): Plaintiffs and proposed Class Counsel have fairly and adequately represented the Settlement Class's interests.

Rule 23(a)(4) involves the same inquiry as Rule 23(e)(2)(A), and focuses on whether the proposed Class Representatives have the same interests as other Class Members, and whether they, and Class Counsel, will vigorously prosecute the case for the Class. *See Kimbo v. MXD Grp., Inc.*, 2021 U.S. Dist. LEXIS 25825, at *10 (E.D. Cal. 2021) (explaining that the two rules require the same "redundant" analysis). Here, as discussed above, the proposed Class Representatives have the same interests as absent Class Members and have worked diligently on behalf of the Settlement Class. *See* §III(A)(1) above. And proposed Class Counsel are competent litigators with ample experience in class litigation who have dedicated substantial time to this case. *Id.*

### 5. Rule 23(b)(3): Common questions predominate, and a class action is superior to other available methods of adjudication.

Rule 23(b)(3) requires that (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

20

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   Conditional certification is proper under Rule 23(b)(3) "whenever the actual interests of the parties can

2   be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022.

3          Here, the proposed Settlement Class meets both requirements of Rule 23(b)(3).

4          <u>Common questions predominate</u>. "The predominance inquiry … asks whether proposed classes

5   are sufficiently cohesive to warrant adjudication by representation." *Stearns v. Ticketmaster Corp.*, 655 F.3d

6   1013, 1019 (9th Cir. 2011). Thus, where "common questions present a significant aspect of the case and

7   they can be resolved for all members of the class in a single adjudication, there is clear justification for

8   handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

9          Here, Plaintiffs allege that, by advertising false sales, discounts, and prices that deceived

10  consumers, Defendant acted unlawfully towards all Settlement Class Members in the same way. And,

11  this "basic common question—whether defendant's price comparison scheme generated false

12  advertisements that deceived consumers—predominates." *Spann*, 314 F.R.D. at 322 (certifying class of

13  fake discount purchasers under Rule 23(b)(3)). Indeed, "regardless of the volume, price, timing, or

14  location for any [Class Member's] qualifying purchase, all claims will require the Court to analyze

15  whether Defendant's pricing scheme and pattern of discounting prices was lawful." *Rael*, 2020 U.S. Dist.

16  LEXIS 13970, at *18-19. Thus, "common questions predominate over individual questions." *Id.* at 18;

17  *Jacobo*, 2018 U.S. Dist. LEXIS 248252, at *21 (predominance satisfied in fake discount case).

18         <u>A class action is the superior mechanism for resolution of this dispute</u>. The superiority

19  requirement asks whether a class action is "superior to other available methods for fairly and efficiently

20  adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class actions are superior where the "'risks, small

21  recovery, and relatively high costs of litigation' make it unlikely that plaintiffs would individually pursue

22  their claims." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017).

23         Here, Defendant's window coverings regularly sell for less than $50, and even Settlement Class

24  Members who purchased more expensive ones are unlikely to have spent more than few hundred, or at

25  most a few thousand, dollars. *See* Franzini Decl. ¶26; Complaint, ¶¶59, 61 (detailing how much Plaintiffs

26  spent on Defendant's products). So, were Settlement Class Members to litigate their claims on an

27  individual basis, they would quickly spend more on litigating than they could hope to recover in

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

21

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1    damages. *See Jacobo*, 2018 U.S. Dist. LEXIS 248252, at *22 (class action was superior in a fake discount

2    case).

3          Plus, importantly, "all Settlement Class Members' claims involve the same issues arising from the

4    same factual bases." *Hallman*, 2021 U.S. Dist. LEXIS 261788 at *11 (Robart, J.). So, in addition to

5    "protect[ing] the rights of persons who might not be able to present claims on an individualized basis,"

6    class treatment "accomplish[es] judicial economy by avoiding multiple suits." *Id.* at *11-12.

7                                              * * *

8          In short, the proposed Settlement Class satisfies the requirements of Rule 23 and should be

9    conditionally certified.

10          **C.    The Court should approve the proposed notice plan.**

11          Under Rule 23(e)(1) "[t]he court must direct notice in a reasonable manner to all class members

12    who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Here, the Parties' proposed

13    notice plan is the "best notice that is practicable under the circumstances" and should be approved by

14    the Court. Fed. R. Civ. P. 23(c)(2)(B); *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

15          The Parties have devised a multi-step notice plan designed to provide all necessary information

16    to Settlement Class Members to enable them to make a well-informed decision about their participation

17    in the Settlement. First, Defendant will provide a list identifying Class Members, as well as their emails

18    and relevant addresses, to the Settlement Administrator. Agreement §IV(B)(1). Then, as discussed

19    above, all Settlement Class Members will receive direct notice by email or by mail, if email notice fails.

20    *Id.* §IV(B)(3-4); Kamenir Decl. ¶¶15-21. The notices are drafted in plain English and provide all relevant

21    information about the case, the Settlement, and Settlement Class Members' rights. Agreement, Exhibits

22    A, B, D. In particular, the notices provide information about the nature of the claims, a summary of the

23    Settlement terms, and the relevant deadlines. *Id.* The notices also inform Class Members about their

24    ability to file a claim for a cash benefit and their right to opt out of or object to the Settlement. *Id.*

25          In addition to providing Class Members with notice, the Settlement Administrator will establish

26    a Settlement Website, where Class Members can review relevant documents, and important dates and

27    deadlines pertinent to the Settlement. Settlement Agreement §IV(B)(5); Kamenir Decl. ¶22.

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR                    22                    Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1          In light of this comprehensive plan, the Court should approve the notice plan and appoint

2    Simpluris Inc. as the Settlement Administrator. Simpluris has significant experience administering class

3    action settlements and anticipates that the proposed plan will provide the best notice practicable.

4    Kamenir Decl. ¶39.

5    **IV.    Conclusion.**

6          For the foregoing reasons, the Motion should be granted.

7

8    Dated: April 15, 2024                Respectfully submitted,

9                                        DOVEL & LUNER, LLP

10                                       By: *s/ Simon C. Franzini*

11                                       Simon C. Franzini (Cal. Bar No. 287631)*
                                         simon@dovel.com

12                                       Grace Bennett (Cal. Bar No. 345948)*
                                         grace@dovel.com

13                                       201 Santa Monica Blvd., Suite 600
                                         Santa Monica, California 90401

14                                       Telephone: (310) 656-7066

15                                       Facsimile: (310) 656-7069

16                                       Carson & Noel, PLLC

17                                       Wright A. Noel, WSBA No. 25264

18                                       20 Sixth Ave. NE
                                         Issaquah WA 98027

19                                       Tel: 425-395-7786
                                         Fax: 425-837-5396

20                                       Email: wright@carsonnoel.com

21                                       *Admitted *Pro Hac Vice*

22                                       *Counsel for Plaintiffs*

23

24                                 **Attestation of Compliance**

25         I certify that this memorandum contains 8,400 words, in compliance with Local Civil Rules.

26                                     By: *s/ Simon Franzini*
                                           Simon Franzini

27

Renewed Motion for Preliminary Approval of Class
Action Settlement and Conditional Class
Certification
Case No. 2:23-cv-01217-JLR

23

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066