UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACEY LIU, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>HOME DEPOT USA, INC.,<br><br>    Defendant. | CASE NO. C23-1217JLR<br><br>ORDER |

  Before the court is Plaintiffs Tracey Liu and Kristie Rudham's (together, "Plaintiffs") second unopposed motion for preliminary approval of their proposed class action settlement with Defendant Home Depot USA, Inc. ("Defendant"). (Mot. (Dkt. # 26); *see* Am. Settlement Agreement (Dkt. # 26-1).) On April 4, 2024, the court denied without prejudice Plaintiffs' original unopposed motion for preliminary approval. (4/4/24 Order (Dkt. # 25).) Although the court was "generally satisfied" that the parties' proposed settlement satisfied the requirements for preliminary approval set forth in Federal Rule of Civil Procedure 23(e)(1)(B), the court concluded that the parties'

ORDER - 1

proposed deadlines for class members to file claims, objections, and exclusions did "not afford class members adequate time to fully consider the Settlement Agreement and class counsel's attorneys' fees motion before deciding whether to object or seek exclusion." (*Id.* at 1-2.) Accordingly, the court directed the parties to revise the deadlines set forth in their settlement agreement to allow class members sufficient time to consider their options. (*Id.* at 3.) The parties have now executed an amended settlement agreement that revises the deadlines in accordance with the court's April 4, 2024 order. (*See* Mot. at 1; Am. Settlement Agreement §§ I.K, I.X, I.Y[1], III.E.1, VII.)

Rule 23(e)(1)(B) requires the parties to a proposed class action settlement to show "that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal" before the court will direct that notice of the proposed settlement be given to the class. Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) provides that the court may approve a proposed settlement "only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account [four factors]; and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). Having reviewed the motion, the amended settlement agreement, the materials accompanying the motion, the relevant portions of

---

[1] The court notes that this paragraph now states that the "Objection/Exclusion Deadline" is "the date **thirty (60)** days after the Notice Date." (*See id.* (emphasis added).) To avoid confusion, the court DIRECTS the parties to correct this scrivener's error before posting the settlement agreement on the settlement website.

the record, and the governing law, the court finds that the amended settlement agreement satisfies the requirements of Rules 23(e)(1)(B) and 23(e)(2).  Accordingly, the court GRANTS Plaintiffs' unopposed motion for preliminary approval (Dkt. # 26) and ORDERS as follows:

    1.    The following class (the "settlement class") is certified for purposes of settlement pursuant to Rules 23(a) and 23(b)(3):

- All persons who, while in the State of California, purchased one or more products advertised as being subject to a purported discount on Defendant's websites Blinds.com, JustBlinds.com, and AmericanBlinds.com from January 26, 2020, to December 5, 2023 ("California Settlement Subclass"); and

- All persons who, while in the State of Washington, purchased one or more products advertised as being subject to a purported discount on Defendant's websites Blinds.com, JustBlinds.com, and AmericanBlinds.com from August 9, 2019, to December 5, 2023 ("Washington Settlement Subclass").

    2.    The attorneys of Dovel & Luner, LLP are appointed class counsel for the purpose of settlement.

    3.    Plaintiffs are appointed class representatives for the settlement class.  Ms. Liu is appointed class representative for the Washington Settlement Subclass and Ms. Rudham is appointed class representative for the California Settlement Subclass.

    4.    The court finds that the notice plan is reasonably calculated to apprise the settlement class members of the pendency of this action, the terms of the amended settlement agreement, and their rights to object to and exclude themselves from the class.  Therefore, the notice plan is approved.

5. Simpluris Inc. is appointed as the settlement administrator to implement the terms of the amended settlement agreement, implement the notice plan, and issue notice.

6. The claims process is approved. Class members shall have 90 days from the date when notice is first issued to file a claim for a cash benefit.

7. The court will consider the awards of attorneys' fees, costs, and incentive awards at the final approval stage, after briefing is complete.

8. The procedures for settlement class members to opt out of or object to the settlement, as set forth in the amended settlement agreement, are approved.

9. The final approval hearing will take place on **Monday, September 30, 2024, at 9:00 a.m.**, before the Honorable James L. Robart, at the United States Courthouse for the Western District of Washington, Courtroom 14106, 700 Stewart Street, Seattle, Washington, 98101-9906. The court may change the date or location of the final approval hearing. If the court does so, notice of such change shall be posted on the settlement website.

10. Pending final approval of the settlement, all settlement class members are prohibited from commencing any action or other proceeding against Defendant that asserts the same claims regarding Defendant's sales and advertising practices as asserted in this action. Any such proceedings, except those related to the effectuation of this settlement, are stayed pending final approval of this settlement. If for any reason the court does not execute and file an order of final approval, or if the effective date (as defined in the amended settlement agreement) does not occur for any reason, the parties will be restored to the status quo ante as set forth in the settlement. All orders entered in

connection with this settlement, including this order conditionally certifying the settlement class, will become null and void, and the settlement agreement will be deemed to be without prejudice to the rights of any parties, who will be restored to their respective positions as of the date of the agreement.

11. The court exercises exclusive and continuing jurisdiction over the claims and issues in this litigation and specifically over all aspects related to the proposed settlement.

12. The following deadlines shall govern proceedings through the final approval hearing:

| Event | Date |
| --- | --- |
| Notice Deadline | May 17, 2024 |
| Fees Motion Deadline (filed and posted on settlement website) | May 31, 2024 |
| Objection/Exclusion Deadline | July 16, 2024 |
| Claim Form Submission Deadline | August 15, 2024 |
| Final Approval Motion Deadline | August 30, 2024 |
| Deadline to Respond to Objections | August 30, 2024 |
| **Final Approval Hearing** | **September 30, 2024** |

Dated this 16th day of April, 2024.

JAMES L. ROBART
United States District Judge